W. D. FELTS and LAVERNE FELTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Felts v. Commissioner
Docket Nos. 7598-77, 3717-79.
United States Tax Court
T.C. Memo 1981-180; 1981 Tax Ct. Memo LEXIS 565; 41 T.C.M. (CCH) 1270; T.C.M. (RIA) 81180; April 14, 1981. William P. Hardeman, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioner W. D. Felts' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(b), I.R.C. 1954
1971
$ 9,701.00
$ 4,850.50
1972
61,681.30
30,840.65
1973
2,141.73
1,070.87
1974
17,386.83
8,693.44
Respondent determined deficiencies in petitioner Laverne Felts' Federal income taxes for 1973 and 1974 in the same amounts, respectively, but did not determine section 6653(b) [1] additions to tax in her case. When the cases were called *566 for trial on October 28, 1980, petitioners made no appearance, and petitioner W. D. Felts informally advised the trial clerk of the Court that petitioners did not intend to appear. Respondent moved that the cases be dismissed for lack of prosecution and that a decision be entered determining the deficiencies and additions to tax in the amounts set forth above for 1971, 1972, and 1973, and determining deficiencies for 1974 in the amount of $ 15,563.77 in the income tax of each petitioner and a section 6653(b) addition to tax in the amount of $ 7,781.88 in the case of petitioner W. D. Felts. On October 31, 1980, the Court issued an order that the cases would be dismissed for lack of prosecution insofar as they relate to issues upon which petitioners have the burden of proof and that the cases would proceed to trial with respect to the section 6653(b) issue. The Court withheld entry of decision as to the deficiencies until the section 6653(b) issue is resolved. As a result of this action, the only issue remaining for decision is whether any part of the income tax deficiencies of petitioner W. D. Felts for 1971, 1972, 1973, and 1974 was due to fraud within the meaning of section *567 6653(b). FINDINGS OF FACT At the time the petitions in these cases were filed, petitioners were legal residents of Greenville, Texas. During 1971 and 1972, petitioners were engaged in the operation of several furniture stores as 50-percent partners with their son. In late 1972, the business was incorporated and was continued through 1974 as a subchapter S corporation. Petitioner W. D. Felts (hereinafter petitioner) had custody and control of the business books and records. Internal Revenue Agent Linda Brown (Brown) conducted an audit of petitioners' tax returns for 1971 to 1974, inclusive. Her examination revealed that the business bank deposits did not match recorded receipts and that recorded expenses did not match the business deductions claimed in the returns. Upon being questioned, petitioner explained to Brown that the figures used for reporting sales on the State of Texas sales tax returns were fictitious and that he made his profit by falsifying the State sales tax returns. But Brown found that the sales reported on the Federal income tax returns were in the same amounts as the sales reported to the State of Texas. Because Brown concluded that the business books *568 were inaccurate and inadequate, she proceeded to determine income by use of the bank deposits (eliminating identifiable nontaxable deposits) and expenditures method for all 4 years. Brown found that gross receipts as computed by the bank deposits method exceeded reported receipts by large amounts. Petitioner explained the discrepancy by stating that he had underreported sales to the State and that he reduced expenses in the returns so that the understated receipts would not show large losses. He stated that he halved both income and expenses. Petitioner, in his own defense, stated to the agent that he thought that if he halved his income and halved his expenses he would save State sales taxes but would not affect his income tax liability. However, the investigation revealed that petitioner reduced income substantially more than he reduced expenses. Petitioner at one point informed Brown that no income from the stores was deposited in one bank account, but her investigation disclosed that this information was not true. For 1971 and 1972 petitioner was convicted of violating section 7206(1) of the basis of an indictment alleging that he underreported his adjusted gross income. *569 Petitioner admitted to the special agent who investigated his case that he knew his returns contained false statements. In fact, he signed an affidavit stating that he was aware that the partnership returns that he filed with the Internal Revenue Service had false entries in them and that they incorrectly reported gross receipts and expenses. In auditing the partnership returns and the subchapter S returns, respondent determined that additional income was received and he disallowed certain deductions. The following table sets forth the amount of the adjustments to partnership and subchapter S corporation income as determined by respondent for each of the years in issue: Year
Adjustments to Income
1971
$ 64,056.00
1972
246,869.27
1973
50,579.28
1974
45,431.57
OPINION The issue to be decided with respect to the section 6653(b) [2] additions to tax is whether the underpayments of tax were "due to fraud," i.e., whether petitioner made the income omissions with "the specific purpose to evade a tax believed to be owing." ; , *570 affg. a Memorandum Opinion of this Court. Petitioner admitted that he knowingly understated the business income of the partnership and the subchapter S corporation. While he told the investigating agents that his objective in understating knew that his understatements also reduced his Federal income taxes. He was a businessman who directed the bookkeeping for a substantial business, and it is almost inconceivable that he did not know that his omissions of income caused his returns to reflect less taxes than he owed. We think respondent has made a primafacie showing that petitioner made the income omissions with the specific purpose to evade taxes which he believed to be owing. As pointed out above, respondent has conceded in his motion to dismiss that the deficiency determination for 1974 was excessive. Taking that concession into account, Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *↩